741 F.2d 369
 19 Ed. Law Rep. 478
 VICTORIA L., a minor, By and Through her mother and next
friend, CAROL A., individually and on behalf of
all others similarly situated,
Plaintiffs- Appellants,
v.
DISTRICT SCHOOL BOARD of LEE COUNTY, FLORIDA: Ralph D.
Turlington, individually and in his official capacity as
Commissioner of Education, State of Florida, Department of
Education, Elizabeth Russell, individually and in her
capacity as Director of Exceptional Children Education,
District County School Board of Lee County, Defendants-Appellees.
 No. 81-6072.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 11, 1984.
 
 Jacob A. Rose, Tallahassee, Fla., for plaintiffs-appellants.
 Harry Blair, Fort Myers, Fla., for Dist. School Bd. of Lee County and Russell.
 Judith A. Brechner, Herbert D. Sikes, General Counsel, State Bd. of Educ., Tallahassee, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before TJOFLAT and HILL, Circuit Judges, and SIMPSON, Senior Circuit Judge.
 SIMPSON, Senior Circuit Judge:
 
 
 1
 Victoria L., a student handicapped by a special learning disability, filed suit pursuant to 20 U.S.C. Sec. 1415(e)(2) alleging that an involuntary transfer from Cape Coral High School, Lee County, Florida, to an Alternative Learning Center, a school statutorily designated for disruptive and disinterested students, violated her right to a publicly financed appropriate special education guaranteed by the Education of the Handicapped Act (EHA), 20 U.S.C. Sec. 1400 et seq., and its implementing regulations, 34 C.F.R. part 300 (regulations), discriminated against her on the basis of her handicap in violation of the Fourteenth Amendment and Sec. 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sec. 794, and its implementing regulations, 34 C.F.R. part 104, and violated procedural rights guaranteed by the EHA, the regulations and the due process clause of the Fourteenth Amendment. Plaintiff requested a preliminary injunction which would allow her to attend the high school during the pendency of the proceedings in addition to a broad range of legal, equitable and declaratory remedies.
 
 
 2
 Plaintiff at no time presented the district court with any evidence to support the unsworn allegations of the complaint and her application for preliminary relief other than two affidavits that state that she had been repeatedly refused registration at the high school on the basis of the state's administrative order. Defendants responded to plaintiff's allegations with affidavits and a copy of the record of the state administrative proceedings that the court was required to admit under 20 U.S.C. Sec. 1415(e). That record contained unopposed expert opinions that Victoria had been assigned to a resource (part-time special education) program which was sufficient to accommodate needs created by her mild special learning disability and also allow her to benefit from the regular classes to which she was assigned. However, Victoria's behavior at the high school had not only proven unacceptable, it had been dangerous.[1]
 
 
 3
 The district court held a hearing on plaintiff's application for preliminary relief but plaintiff failed to present evidence to the court. Instead she argued that she was entitled to preliminary relief as a matter of right without presenting any evidence based upon a section of the EHA which provides in pertinent part that "the child shall remain in the then current educational placement" during the pendency of any proceedings brought under the act, 20 U.S.C. Sec. 1415(e)(3). The district court entered findings based upon the evidence in the record and denied relief. Plaintiff appealed but failed to take all steps necessary to obtain judicial review; the former Fifth Circuit dismissed the case for lack of prosecution.
 
 
 4
 The court gave plaintiff adequate notice that she was required to respond within ten days to defendants' motions to dismiss or for summary judgment as provided by Fed.R.Civ.P. 12(b)(6) and 56(c). Plaintiff received an extension of time after the ten day period had expired and eventually filed a response consisting of argument unsupported by evidence. The district court entered summary judgment for defendants based upon the evidence in the record. Plaintiff now appeals complaining bitterly that she has been denied an opportunity to present evidence in her favor.
 
 
 5
 A major portion of appellant's brief is devoted to the court's alleged denial of equal protection rights guaranteed by 29 U.S.C. Sec. 794 and the Fourteenth Amendment which were not directly mentioned in the district court's opinion. We need not address these arguments. The Supreme Court has recently declared that the EHA provides "the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed special education." Smith v. Robinson, --- U.S. ----, 104 S.Ct. 3457, 3468, 81 L.Ed.2d --- (1984). Though the court specifically stated that its decision did not resolve "whether the procedural safeguards of the EHA manifest Congress' intent to preclude resort to [42 U.S.C.] Sec. 1983 in a due process challenge," Id. at --- U.S. ----, 104 S.Ct. 3470 n. 17, this case does not require any separate analysis of the protections offered her by other statutes and the Constitution. Plaintiff's due process allegations consist of a conclusory statement that defendants violated the Fourteenth Amendment by failing to comply with the procedural provisions of the EHA, 20 U.S.C. Sec. 1415.
 
 
 6
 Assuming, arguendo that the allegations of the complaint are sufficient to state a constitutional claim, summary judgment denying her EHA claim would necessarily dispose of her constitutional claim. Consequently, we limit our discussion to the EHA.
 
 
 7
 First, plaintiff argues that the EHA precludes summary judgment in cases involving the education of handicapped children because 20 U.S.C. Sec. 1415(e) provides in pertinent part:
 
 
 8
 ... In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on a preponderance of the evidence, shall grant such relief as the court determines is appropriate.
 
 
 9
 Nothing in the language or legislative history of the EHA suggests that Congress intended to dispense with the "wholesome utility" of summary judgment. See, Bruce Construction Corp. v. United States, 242 F.2d 873, 874-75 (5th Cir.1957). Summary judgment procedure does not serve to prevent a court from hearing evidence pertaining to questions of material fact. The rule requires only a showing that the party has such evidence in order to avoid a possible waste of the court's time and resources. See, Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir.1940). Summary judgment procedure decides only issues of law and therefore does not offend a plaintiff's right to have his evidence heard. Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1260 (11th Cir.1983).
 
 
 10
 Appellant's second argument states that the district court was bound by the factual allegations of her unsworn complaint and that it was, therefore, guilty of "a glaring departure from the applicable standard for determining a summary judgment," in relying on the unopposed evidence filed by defendants. The Federal Rules of Civil Procedure require a contrary conclusion. Rule 56(e) specifically provides:
 
 
 11
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
 
 
 12
 In adjudicating a motion for summary judgment, a court may consider any evidence that would be admissible at trial. Roucher v. Traders & General Ins. Co., 235 F.2d 423 (5th Cir.1956). The entire record of the administrative proceedings, incorporated in one of the affidavits submitted by defendants, was fully admissible by the authority of 20 U.S.C. Sec. 1415(e), supra. Consequently, the district judge committed no error in basing his decision upon the unopposed evidence.
 
 
 13
 Appellant's third argument states that the district court failed to meet its duty under the EHA to determine de novo whether the special education she was receiving was appropriate. We disagree. Though the EHA requires a district court to determine whether a handicapped child is receiving an appropriate education "based upon the preponderance of the evidence", 20 U.S.C. Sec. 1415(e), it is not free to substitute its own notions of sound educational policy for that of the school board. Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). An educational plan satisfies the EHA if the state has complied with the procedures set forth in the Act and if the special education offered the child is reasonably calculated to enable her to receive educational benefits. Id. at 206-07, 102 S.Ct. at 3050-3051. The unopposed evidence before the court conclusively established that Victoria's educational program met the substantive requirements of the EHA as described in Hendrick Hudson District Board of Education v. Rowley, supra.
 
 
 14
 Appellant's fourth argument consists of allegations of procedural error which are strewn throughout her discussion of other issues. The historical facts cited by her in support of four of these points have some evidentiary support in the record but present no reversible error. We discuss them only to demonstrate that appellant has misinterpreted the legal significance of those facts.
 
 
 15
 Appellant first complains that the hearing officer denied a right to direct lay representation in administrative proceedings, purportedly guaranteed by 20 U.S.C. Sec. 1415(d), by refusing to allow Donald Wakely, a legal and educational layman, to present her case and examine witnesses. (Wakely was allowed to sit at the counsel table, advise appellant's mother how to proceed and suggest questions for her to ask the witnesses.) The EHA creates no such right. Section 1415(d) states that a complainant has a right "to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of handicapped children." The Florida Administrative Procedures Act, Chapter 120, Florida Statutes and the state's administrative code which govern EHA hearings in that state, both recognize this right. Compare 20 U.S.C. Sec. 1415(d) 34 C.F.R. Sec. 300.508 with Fla.Stat. Sec. 120.62(2) (1980) and Rule 6A-6.331(6)(c)4, Fla.Admin.Code. In addition, Florida allows representation in administrative proceedings by qualified laymen. Fla.Stat. Sec. 120.62(2). The qualifications for laymen are necessarily dictated by the nature of the proceedings and the complexity of the matter adjudicated. We agree with the Florida Supreme Court that the formal administrative procedure of that state requires at least a modicum of knowledge of the applicable state procedural laws for effective lay representation. See, The Florida Bar v. Moses, 380 So.2d 412, 417 (1980). The hearing officer's examination of appellant's chosen representative revealed his almost complete ignorance of state administrative procedure. Assuming arguendo that the layman was qualified to advise in any capacity, the hearing officer did not violate the EHA in limiting his role to offering advice.
 
 
 16
 The second complaint of procedural error states that defendant Turlington, the Florida Commissioner of Education, violated 20 U.S.C. Sec. 1415(b)(2) by reviewing the hearing officer's decision in her administrative appeal. Section 1415(b)(2) provides that an employee of "the agency or unit involved in the education of the child," may not conduct the initial hearing. The following paragraph, 20 U.S.C. Sec. 1415(c), specifically provides that the administrative appeal will be conducted by an officer of the state educational agency. Appellant's argument is frivolous.
 
 
 17
 Appellant next argues that the record contains uncontested evidence that defendants violated her procedural right to remain in the high school during the pendency of the action, guaranteed by 20 U.S.C. Sec. 1415(e)(3). We disagree. Even those cases which interpreted the Rehabilitation Act as expanding handicapped students' rights beyond those specifically afforded by the EHA have held that Congress had no intent to deprive local school boards of their traditional authority and responsibility to insure a safe school environment. See, e.g. S-1 v. Turlington, 635 F.2d 342, 348 n. 9 (5th Cir.1981) cert. denied 454 U.S. 1030, 102 S.Ct. 566, 70 L.Ed.2d 473. (S-1 has, of course, been overruled by Smith v. Robinson insofar as it applies the Rehabilitation Act to EHA cases.) The uncontradicted evidence leaves no doubt that Victoria's behavior at the high school posed a threat to both students and school officials. Accordingly, we find that the defendants properly exercised the traditional disciplinary authority that they retained under the EHA.
 
 
 18
 Finally, Victoria complains that neither the hearing officer nor the district judge determined whether the ALC was the least restrictive environment in which she could be educated. Though the EHA and regulations provide that a handicapped student should be educated in regular classes so far as possible, 20 U.S.C. Secs. 1401(18), 1412(5)(B), 1414(a)(1)(C)(iv); 34 C.F.R. Secs. 300.4, 300.500, appellant introduced no evidence that the proposed placement was in any way inappropriate or that a less restrictive environment existed in which she could receive the special education she needed while the school authorities could assert the control necessary to maintain a safe school environment. In short, appellant complains that the hearing officer and the district judge failed to substitute their judgment for that of the school board. In the absence of any evidence that the decision to place Victoria in the ALC was in any way erroneous, the EHA grants no such power.
 
 
 19
 AFFIRMED.
 
 HILL, Circuit Judge, concurring specially:
 
 20
 I concur with these brief observations.
 
 
 21
 We deal with "appellant's third argument" according to the law as we must under precedent of this circuit binding on this panel. As I read the Education of the Handicapped Act (EHA), 20 U.S.C. Sec. 1400 et seq., it is no law at all but merely an unconstitutional effort by the Congress to delegate the making of law to the courts. 20 U.S.C. Sec. 1415(e) names the district court as the legislative committee to conduct a hearing and decide what shall be the "appropriate" solution to the serious problem of education for the handicapped. It is the function of the legislature to declare what is appropriate to public issues[1] and the Constitution does not permit the Congress to decline to make a law but direct the unelected judges to devise one for each citizen who needs one.
 
 
 22
 I have presented this view, in dissent, in Georgia Association of Retarded Citizens v. McDaniel, 716 F.2d 1565, 1581 (11th Cir.1983), vacated and remanded, --- U.S. ----, 104 S.Ct. 3581, 82 L.Ed.2d 880. The view was not accepted by the panel majority in that case and the majority opinion is the law of this circuit.
 
 
 23
 Therefore, I concur.
 
 
 
 [1]
 In addition to committing relatively common breaches of school discipline such as smoking, skipping classes and insubordination, Victoria brought a razor blade and a martial arts weapon to school and threatened to injure or kill another student
 
 
 [1]
 "All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const. Art. I, Sec. 1