**OFFSHORE AVIATION,**
Plaintiff-Appellee,

v.

**TRANSCON LINES, INC.,**
Defendant-Appellant.

No. 86–5529.

United States Court of Appeals,
Eleventh Circuit.

Nov. 10, 1987.

Joe N. Unger, Miami, Fla., Bernard C. Pestcoe & Associates, P.A., Coral Gables, Fla., for defendant-appellant.

Mark Hicks, Daniels and Hicks, P.A., Ralph O. Anderson, Ian G. Osur, Leesfield & Blackburn, P.A., Miami, Fla., for plaintiff-appellee.

**1014**

Before JOHNSON and EDMONDSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

PER CURIAM:

## BACKGROUND

Offshore Aviation, Inc., inspected used airplane parts owned by Singapore Airlines during a visit to the airline's Singapore headquarters. Back in the United States, Offshore purchased the parts, and Singapore Airlines subsequently sent them via its own carrier to California, where they were picked up by carrier Transcon Lines, Inc., for carriage to Florida. Midway during the trip, the truck containing the six cartons destined for Offshore ended up in an accident and in flames. The used airplane parts were substantially destroyed. Transcon alleges not to have known the contents of the cartons until the remains were inspected after the accident. Offshore, claiming that the cartons contained the parts selected for purchase in Singapore and citing resale prices already set up with subsequent buyers, requested full resale value from Transcon for the damaged goods. The district court granted summary judgment, without explanation, in favor of Offshore and awarded the full amount of damages requested. Transcon appeals that summary judgment.

## DISCUSSION

This appeal is from a summary judgment granting shipper Offshore Aviation the full market value of claimed damages for goods entrusted to carrier Transcon. It is not disputed that the airplane parts in six cartons were destroyed by fire from an accident en route. Offshore's claim to damages and the specific amount of damages are in dispute.

Three elements are necessary to show a prima facie case of carrier liability for damaged goods. The shipper must by a preponderance of the evidence evince proof that the goods 1) were delivered to the carrier in good condition, 2) arrived in damaged condition, and 3) resulted in the specified amount of damage. *Missouri Pacific Railroad Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964). The trial court, seeing no genuine issues of fact, held that Offshore satisfied a prima facie showing with the evidence adduced. We, reviewing the evidence in a light most favorable to Transcon, *Tackitt v. Prudential Ins.*, 758 F.2d 1572 (11th Cir.1985), must disagree. Summary judgment is not warranted in this case because two material factual questions remain in dispute.

### A. *Claim to Damages*

First, Offshore has failed to meet the requisite test showing that the plane parts were delivered to Transcon in good condition. The proof stumbles on a conclusive showing of exactly what goods were handed to Transcon. As a matter of law, the carrier has the initial burden of informing itself of the condition of the goods received. *Missouri Pacific Railroad*, 377 U.S. at 144, 84 S.Ct. at 1148. But if the shipment is not open and visible, that burden shifts to the shipper, who must substantiate the nature of the contents. *Highland Ins. v. Strachan Shipping Co.*, 772 F.2d 1520 (11th Cir.1985) Thus, the first unresolved genuine and material factual issue is whether the cartons accepted by Transcon for shipping were open and visible. *See, e.g., Blue Bird Products Co. v. Boston & Maine Corp.*, 474 F.2d 102 (3d Cir.1973) (remand for insufficient evidence).

Even assuming that Transcon has the burden of showing that the cartons were sealed, *Blue Bird Products Co.*, 474 F.2d at 107, it is inappropriate for the district court judge to rely on the bill of

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

lading, claiming the "property described in apparent good order." Unless the cartons were open and the goods visible, the contents cannot have been in *any* apparent state to the carrier. The district court made no specific finding on this point, as required by Fed.R.Civ.P. 52(a).

█ Recognizing that the cartons may have been sealed, this Court is faced with a second unresolved material factual issue: the contents of the six cartons. Offshore has presented a series of documents tracing the goods from their Singapore beginnings to their arrival in California, at which point Transcon received them for shipping. These documents attest to the serviceability of the parts being shipped, and show that the weight of the cartons in Singapore corresponded to their weight in California. However, documents cannot suffice for prima facie proof of contents in sealed containers. *Highlands Ins.*, 772 F.2d at 1521; *Ed Miniat, Inc. v. Baltimore and Ohio Railroad Co.*, 587 F.2d 1277, 1280 & n. 2 (D.C.Cir.1978). For sealed containers, documentary evidence needs to be supplemented by direct evidence, "such as the testimony of an eyewitness to the loading of the container," *Highlands Ins.*, 772 F.2d at 1521, none of which is forthcoming in this case. A prima facie case should not rest on mere possibility. *Ed Miniat, Inc.*, 587 F.2d at 1281 n. 22.

Part of the material and genuine factual dispute in this case rests on the admissibility of a letter by a Singapore Airlines employee. In contrast to all the other evidence produced by Offshore, this letter qualifies the equipment sent to Offshore as being "in an unserviceable state." Offshore for the first time on appeal claims that the letter is inadmissible hearsay. Despite possible flaws in the evidence, two factors require that the letter be included in an assessment of the facts.

First, the Supreme Court has recently expounded on when summary judgments should be granted. *Celotex Corp. v. Ca-trett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In *Celotex*, the court emphasized the importance of granting summary judgment where appropriate as "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). However, in clarifying that the movant need not show evidence to negate an opposing party's claim, the Supreme Court did not increase the burden on the nonmoving party to contest a motion for summary judgment. Indeed, the court emphasized the full consideration of all evidence presented by nonmovants.

> We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in 56(c)....

106 S.Ct. at 2553-54. Under Fed.R.Civ.P. 56(c), the ruling court may consider "depositions, answers to interrogatories, and admissions on file, together with affidavits."

█ Following *Celotex*, the airline employee letter should have been considered by the district court. The claim by Transcon that the letter is inadmissible hearsay does not undercut the existence of any material facts the letter may put into question. Consideration of the letter does not turn on admissibility at trial but on availability for review. The letter came before the district court as an attachment to a deposition from a representative of Singapore Airlines, and any material and unresolved issue it posits must preclude summary judgment. *Tippens v. Celotex Corp.*, 805 F.2d 949 (11th Cir.1986).[1] At a minimum, the trial court "should articulate its

---

1. In the final footnote of *Tippens*, this Court added that a trial court "must first determine the admissibility of evidence before considering it in opposition to a motion for summary judgment," although there was no formal ruling on that basis. 805 F.2d at 955 n. 7. *Celotex* has clearly held otherwise in making a distinction between evidence admitted for trial and evidence admitted for avoidance of summary judgment.

treatment" of the letter. *Bushman v. Halm,* 798 F.2d 651, 655 n. 5 (3d Cir.1986).

Second, Offshore did not contest the admissibility of the letter during the trial proceedings. We are bound by *Munoz v. International Alliance of Theatrical Stage Employees, Etc.,* 563 F.2d 205, 214 (5th Cir.1977), which held that, if evidence otherwise inadmissible provoked no timely objection, it could and, if material, should be factored into a summary judgment decision. *See also Clay v. Equifax, Inc.,* 762 F.2d 952, 955 n. 2 (11th Cir.1985). This letter is the only statement in the record that approaches "personal knowledge of the condition of the shipment." *D.P. Apparel Corp. v. Roadway Exp., Inc.,* 736 F.2d 1, 4 (1st Cir.1984). Factored into the record, the letter leaves open a considerable material factual issue in genuine dispute as to the true condition of the contents of the cartons received and carried by Transcon.

### B. *Amount of Damages*

■ The second point that is inadequately established for Offshore's prima facie case is the amount of damages attributable to Transcon's accident on the road. In part, Transcon's dispute about the amount is drawn from the wide discrepancy between Offshore's purchase price of $4000 and the resale value, which Offshore claims to be $117,000. It is true that the proper calculation of damages is the market value of the goods. *Frosty Land Foods International, Inc. v. Refrigerated Transport Co.,* 613 F.2d 1344, 1348 (5th Cir.1980). In this case the market value has been cast as the resale value. However, the appropriate measure of damages should be limited to reasonably foreseeable damages, which is a question of fact relegable to a jury. *Hector-Martinez & Co. v. Southern Pacific Transportation Co.,* 606 F.2d 106, 110 (5th Cir.1979). Furthermore, the resale value of $117,000 is contingent on the sale of serviceable goods. Since the quality of the goods actually shipped is in dispute, the

amount of damages cannot be a settled issue of fact.

### CONCLUSION

Of the three elements required to establish a prima facie case of carrier liability, two continue as unresolved issues of fact. Summary judgment is justified only for "those cases devoid of any need for factual determinations." *Tippens v. Celotex Corp.,* 805 F.2d 949, 953 (11th Cir.1986). The dispute between Offshore and Transcon was not ripe for summary judgment. Both the condition of the goods received by Transcon and the amount of reasonably foreseeable damages must be determined at trial.

**REVERSED and REMANDED.**

EDMONDSON, Circuit Judge, concurring:

I concur in the court's judgment and in most of the court's opinion. I doubt, however, that inadmissible hearsay can be properly used to oppose summary judgment, especially if it is not shown that admissible evidence to the same effect will be available at trial. The law in this circuit prior to *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), clearly provided that evidence inadmissible at trial could not be used to avoid summary judgment. *See Victoria L. by Carol A. v. District School Bd.,* 741 F.2d 369, 373 (11th Cir.1984); *Pan-Islamic Trade Corp. v. Exxon,* 632 F.2d 539, 559 (5th Cir.1980);[1] *Broadway v. City of Montgomery,* 530 F.2d 657, 661 (5th Cir.1976), *Roucher v. Traders & General Ins. Co.,* 235 F.2d 423 (5th Cir.1956). Of course, the Supreme Court could change the law. But, it is not plain to me that *Celotex* actually endorses the use of hearsay in summary judgment proceedings.

In *Celotex,* the Court said, "we do not mean that the nonmoving party must produce evidence in a *form* that would be admissible at trial in order to avoid summary judgment." 106 S.Ct. at 2553 (emphasis

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Cir-

cuit Court of Appeals decided prior to October 1, 1981.

added). Even so, the Court was not addressing the question of whether *hearsay* could be relied upon to defeat summary judgment. As has long been recognized, hearsay has weaknesses that go beyond questions of mere form. *See generally* Morgan, Hearsay Dangers and the Application of the Hearsay Concept, 62 Harv.L. Rev. 177 (1948).

To understand the word "form", the pertinent sentence must be read in its context:

> We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

106 S.Ct. at 2553–54.

Probably, the Supreme Court was only emphasizing that otherwise admissible evidence can be submitted in the shape of an affidavit at the summary judgment stage, although at trial such a document would be inadmissible and, instead, a live witness or deposition would have to be used to present the evidence. In any event, I question whether we should wipe out established circuit law in the absence of a truly definitive statement by the Supreme Court that otherwise inadmissible hearsay can be properly and effectively used to oppose a motion for summary judgment.

Whether hearsay, if objected to, can defeat a motion for summary judgment is an important legal issue. Resolving upon the correct answer is unnecessary to determining this case, however. As today's court's opinion shows, there was no contest to the admissibility of the pertinent letter (the hearsay) in the trial court. Accordingly, this court's observations about hearsay and summary judgment largely are gratuitous and that important issue remains open for debate in this circuit.