**FUENTE CIGAR, LTD., Petitioner,**

v.

**ROADWAY EXPRESS, INC.,**
**Respondent.**

No. 91–5110.

United States Court of Appeals,
Eleventh Circuit.

Feb. 12, 1991.

---

Richard Benjamin Wilkes, Lansing C. Scriven, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, Fla., for petitioner.

Kenneth E. Cohen, Kroll & Tract, Miami, Fla., for respondent.

Before CLARK, COX and BIRCH, Circuit Judges.

PER CURIAM:

Petitioner Fuente Cigar, Ltd. has moved this court for leave to appeal from a final judgment of the United States District Court for the Southern District of Florida (the "District Court"), pursuant to 28 U.S.C. § 636(c)(5). In accordance with the provisions of the Magistrate Act, specifically 28 U.S.C. § 636(c), the parties to this action had previously stipulated to try the matter before a United States Magistrate, and the parties had further agreed to pursue any appeal of the Magistrate's decision in the District Court pursuant to 28 U.S.C. § 636(c)(4).

On November 22, 1988, the Magistrate found in favor of Fuente Cigar on its claim that Roadway Express had violated the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707, in connection with the handling of a shipment of cigars. Final judgment was entered in favor of Fuente Cigar on February 21, 1989.

On March 20, 1989, Roadway Express filed a Notice of Appeal to the District Court. Subsequently, the District Court reversed the final judgment of the Magistrate in favor of Fuente Cigar and entered final judgment for Roadway Express on October 5, 1990. The District Court held that the Magistrate erred in finding that Fuente established the three essential elements of its claim under the Carmack Amendment, and therefore Fuente failed to prove a *prima facie* case. *Roadway Express, Inc., v. Fuente Cigar, Ltd.,* 749 F.Supp. 248. Fuente's Petition For Leave To Appeal to this court followed shortly thereafter.

Before we proceed to the merits of this case, we note that the standard of review for deciding whether to grant a petition for leave to appeal under 28 U.S.C. § 636(c)(5) has not been previously defined in this circuit. Several other circuits have delineated a standard of review in such cases. *See Pushard v. Russell,* 815 F.2d 1 (1st Cir. 1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *Adams v. Heckler,* 794 F.2d 303 (7th Cir.1986); *Wolff v. Wolff,* 768 F.2d 642 (5th Cir.1985); *Penland v. Warren County Jail,* 759 F.2d 524 (6th Cir.1985). These cases have expressly adopted, with minor modifications, the standard defined by Local Rule 28(a) of the Eighth Circuit, which provides in pertinent part as follows:

Permission for leave to appeal is a matter of sound judicial discretion and will be granted only if the appeal presents substantial issues for review by this court. The court will exercise its discretion in granting or denying permission to appeal in light of the following guidelines:

(1) Permission to appeal may be denied if
(i) the sole issue on appeal is whether the magistrate's findings of fact are clearly erroneous, and the district court sitting as an appellate court has upheld the magistrate's findings; or
(ii) the dispositive issue or set of issues has been authoritatively decided recently, and the district court has found the magistrate's judgment to be consistent with the authoritative decisions; or
(iii) the issues raised on appeal are otherwise insubstantial.

(2) Permission to appeal will be granted if

(i) the magistrate has decided a substantial question of law not previously determined by this court or has decided it in a way inconsistent with applicable decisions of this court.

*Pushard v. Russell,* 815 F.2d at 1–2.

■■■ The Sixth Circuit's opinion in *Penland v. Warren County Jail,* 759 F.2d at 527–30, contains a persuasive and exhaustive review of the legislative history of 28 U.S.C. § 636(c)(5). We join the Fifth and Seventh Circuits in adopting the Sixth Circuit's learned discussion of the history of the Magistrate Act as a predicate to our adoption of this standard of review. *Adams,* 794 F.2d at 309; *Wolff,* 768 F.2d at 647. We also agree with the conclusion of the Fifth, Sixth, Seventh and Eighth Circuits "that petitions for leave to appeal should be granted only in cases involving substantial and important questions of law." *Adams,* 794 F.2d at 309. In the interest of promoting uniformity among the circuits on this issue, we also adopt the two modifications to the Eighth Circuit's local rule that were implemented by the Sixth Circuit and subsequently adopted by the Fifth and Seventh Circuits:

> First, if a magistrate decides a question of law in a manner inconsistent with the decisions of this court but the district court corrects the error on the appeal as of right, then a further appeal to this court need not be granted. Second, since petitions for leave to appeal are submitted to a motions panel of this court rather than to a hearing panel, the motions panel need not decide that the magistrate and the district court *actually* failed to follow the decisions of this court in order to grant leave to appeal. Instead, the motions panel need only determine that there is a substantial likelihood that the magistrate and the district court violated circuit precedent. The panel assigned to hear the case would then decide whether the magistrate and the district court actually failed to follow circuit precedent.

*Penland,* 759 F.2d at 530 (emphasis in original). Also,

> this court may grant leave to appeal as to some issues raised in a petition and deny leave to appeal as to other issues. When leave to appeal is granted in whole or in part, the petitioner need not return to the district court to file a notice of appeal. The granted petition shall be deemed a notice of appeal.

*Id.,* 759 F.2d at 531 n. 5.

■■■ Applying this standard to the instant case, we must GRANT Fuente Cigar's Petition for Leave to Appeal. The procedural posture of this case does not fall squarely within the guidelines of the Eighth Circuit which are adopted above. The guidelines state that "permission to appeal may be denied if the sole issue on appeal is whether the magistrate's findings of fact are clearly erroneous, and the district court sitting as an appellate court *has upheld the magistrate's findings.*" (emphasis added) In this case, the petitioner contends that the district court erred in *overturning* the magistrate's findings of fact on the grounds that they are clearly erroneous.

Thus, under the scenario presented by this case, the rationale for declining to allow this appeal to proceed to this court is far less convincing because each of the two judicial officers, who have examined the record, hold differing viewpoints about the adequacy of the factual basis for the petitioner's prima facie case. In the situation contemplated by the Eighth Circuit's guidelines both judges adopted essentially the same perspective on the appropriate findings in the case, and the justification for review by an appeals court is correspondingly weaker. Although this circuit should not allow an appeal to proceed in every case in which the district court disagrees with the magistrate on the facts, the presumption against appealability in such situations should be relaxed.

■■■ More importantly, review should be granted in this case because the district court bases its reversal of the magistrate's judgment on a legal conclusion. In examining the record, we are concerned by the district court's apparent holding that the shipper or consignee's failure to inspect the

goods is sufficient to defeat the petitioner's circumstantial evidence that the cigars were already damaged by July 2. For example, the district court noted that:

> By abandoning the shipment without inspection, Fuente eliminated the most probative direct evidence establishing whether the goods were damaged at the time of delivery. Thus, Fuente cannot be heard to complain that requiring it to establish the condition of the goods at delivery through circumstantial evidence imposed an unreasonable burden on the shipper.

District Court Opinion, 749 F.Supp. at 252 n. 7.

 The district court fails to base what is essentially a *legal conclusion* on any authorities. For example, in its own opinion, the district court cites the case of *Fraser–Smith Co. v. Chicago, Rock Island & Pac. R.R. Co.*, 435 F.2d 1396 (8th Cir. 1971), in which that court held that a consignee must accept a shipment unless the goods are "totally worthless." In this case the magistrate specifically found that the cigars became commercially unsalable by July 2. In addition, the district court's opinion raises the issue of the extent to which a *consignee's* refusal to accept goods can operate to defeat a *shipper's* claim under the Carmack Amendment.

The district court also did not specify whether this newly-fashioned rule should be treated as an evidentiary presumption or an affirmative defense. Since the Carmack Amendment and the relevant case law are relatively specific and exclusive on the burden of proof and affirmative defenses in such cases, we believe that the district court may have tacitly created new law in this area.

We therefore find that this case does raise both "substantial or important questions of law" and a "substantial likelihood" of a conflict with the well-developed body of law concerning the duties of common carriers in the common law and under the Carmack Amendment. Since there should be no presumption against accepting review in these types of cases and an appar-

ent legal issue is presented, we grant the petition for review in this case.

 In passing, however, we note that the District Court's Order held that "[t]he parties waived their right to appeal to the United States Court of Appeals for this judicial circuit by consenting, in accordance with 28 U.S.C. § 636(c)(4), to take any appeal to a district judge of this court." District Court Opinion, 749 F.Supp. at 249 n. 1. The statute provides that the parties agree to forego an appeal *as of right* to the Circuit Court of Appeals if they consent to take their appeal to the district court. 28 U.S.C. § 636(c)(4)–(5). They did not, however, waive their right to seek *leave* to appeal to this court.

For the reasons stated above, we GRANT Fuente Cigar's Petition for Leave to Appeal.