**FUENTE CIGAR, LTD.,**
**Plaintiff–Appellant,**

v.

**ROADWAY EXPRESS, INC.,**
**Defendant–Appellee.**

No. 91–5110.

United States Court of Appeals,
Eleventh Circuit.

June 5, 1992.

---

Freight Claim & Sec. Council and American Trucking Ass'n.

Before EDMONDSON and DUBINA, Circuit Judges and ATKINS *, Senior District Judge.

DUBINA, Circuit Judge:

Fuente Cigar, Ltd. ("Fuente") appeals the district court's order reversing a magistrate judge's findings that Roadway Express, Inc. ("Roadway") violated the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707 ("Carmack Amendment").[1] We vacate the district court's order.

## BACKGROUND

Fuente is a manufacturer of high quality, hand-made cigars. Fuente employed Roadway, an interstate carrier, to transport cigars from Miami, Florida, to Fairfield, New Jersey. The shipment was misrouted, and Roadway was not ready to make final delivery of the cigars for three weeks. Approximately nine weeks after the cigars were delivered to Roadway, they were returned to Fuente.[2] Upon receipt, Fuente inspected the cigars and found that they were very dry and had no value. Prior to this inspection, the sealed cigar boxes had never been opened to determine if damage had occurred. Because no prior inspections were performed, there is no direct evidence to prove when the cigars were damaged.

## PROCEDURAL HISTORY

In accordance with the Magistrate Act, 28 U.S.C. § 636(c), the parties to this action initially stipulated to try the matter before

Richard Benjamin Wilkes, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Lansing C. Scriven, Tampa, Fla., for plaintiff-appellant.

Kroll & Tract, Hyman Hillenbrand, Miami, Fla., for defendant-appellee.

Kenneth E. Siegel, ATA's Litigation Center, Alexandria, Va., for Amicus, Nat.

---

\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The Carmack Amendment provides that a common carrier is liable for the actual loss or injury to goods in an interstate commerce shipment. The purpose of the Carmack Amendment is to protect shippers against the negligence of interstate carriers and to "relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods." *Reider v. Thompson,* 339 U.S. 113, 119, 70 S.Ct. 499, 502, 94 L.Ed. 698 (1950).

2. The additional six week delay in returning the cigars to Fuente occurred because no party wanted to accept shipment after the initial delay.

a United States magistrate judge, and the parties further agreed to pursue any appeal to the district court pursuant to 28 U.S.C. § 636(c)(4).[3] The magistrate judge found in favor of Fuente on its claim that Roadway had violated the Carmack Amendment in connection with the handling of the cigars. Final judgment was entered in favor of Fuente. Roadway then appealed to the district court.

In its order reversing the magistrate judge and entering final judgment in favor of Roadway, the district court held that there was insufficient evidence to satisfy the claim under the Carmack Amendment. 749 F.Supp. 248. Fuentes then filed a Petition for Leave to Appeal to this court.

When granting Fuente's Petition For Leave To Appeal, we noted our concern that the district court appeared to hold that Fuente's failure to timely inspect the goods, precluding the availability of direct evidence of the damage, was sufficient to defeat Fuente's claim. Fuente based its claim that the cigars were already damaged when they arrived at their destination on circumstantial evidence. *Fuente Cigar, Ltd. v. Roadway Express, Inc.*, 925 F.2d 370, 373–374 (11th Cir.1991); see also *Roadway Express, Inc. v. Fuente Cigar, Ltd.*, 749 F.Supp. 248, 252 (S.D.Fla.1990).[4]

In *Fuente Cigar*, we held that this appeal should be granted because this case raised both "substantial and important questions of law" and a "substantial likelihood" of a conflict with the well-developed body of law concerning the duties of common carriers in the common law and under the Carmack Amendment. 925 F.2d at 374 (quoting *Adams v. Heckler*, 794 F.2d 303, 309 (7th Cir.1986) and *Penland v. Warren County Jail*, 759 F.2d 524, 530 (6th Cir.1985)). More specifically, we granted the appeal so that we could clearly define the type of evidence required to satisfy the second element of a prima facie claim under the Carmack Amendment.

## DISCUSSION

A shipper establishes a prima facie case of a carrier's negligence under the Carmack Amendment by evincing proof by a preponderance of the evidence that the goods "1) were delivered to the carrier in good condition, 2) arrived in damaged condition, and 3) resulted in the specified amount of damage." *Fine Foliage of Florida, Inc. v. Bowman Transportation, Inc.*, 901 F.2d 1034, 1037 (11th Cir.1990); *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013 (11th Cir.1987) (per curiam).

The district court agreed with the magistrate judge that Fuente satisfied the first element of the prima facie case. Citing *Fine Foliage*, 901 F.2d at 1038, the district court correctly stated that direct evidence is not required to satisfy the first element of a prima facie case. *Roadway Express*, 749 F.Supp. at 251. The district court concluded that a shipper can prove with circumstantial evidence that the goods were given to the carrier in good condition.

Although the district court did not require direct evidence as to the first element, it disagreed with the magistrate judge's ruling that the second element in this case could be satisfied with circumstantial evidence alone. When granting the appeal, we concluded that the possible incongruence between the evidentiary requirements for the first and second elements, as defined by the district court, conflicted with well-established law.[5]

The district court's apparent conclusion that a shipper or consignee's failure to inspect delivered goods upon delivery, and thereby forego an opportunity to obtain direct evidence as to the condition of the

---

**3.** Although the parties agreed to forego an appeal *as of right* to the Eleventh Circuit Court of Appeals, by consenting to take their appeal to the district court, they did not waive their right to seek *leave* to appeal to this court. 28 U.S.C. § 636(c)(4)–(5).

**4.** The procedural and factual history of this case is set forth in greater detail in each of these

preceding published opinions and need not be restated here.

**5.** It appears that the panel granting the appeal believed that the district court may have held that the second element of the prima facie case, i.e., the condition of the goods upon delivery to the end customer, could not be proved by circumstantial evidence alone.

goods, would be sufficient to defeat a Carmack Amendment Claim is a legal conclusion. *Fuente Cigar*, 925 F.2d at 374. We review a district court's legal conclusions *de novo. Young v. Commissioner*, 926 F.2d 1083 (11th Cir.1991).

■ There is no justification for requiring direct evidence to satisfy the second element and not the first element of the claim.[6] In *Fine Foliage*, we ruled that the first element could be satisfied by substantial and reliable circumstantial evidence alone. We now hold that the second element can also be satisfied by substantial and reliable circumstantial evidence alone. This court in *Fine Foliage* alluded to our conclusion regarding the second element by holding that the second element could be satisfied in that case by showing that the transporter's shipping container was set at zero degrees Fahrenheit and by supplying credible testimony as to the damage that freezing temperatures cause ferns. *Fine Foliage*, 901 F.2d at 1038. The court did not mention any direct evidence as to the damage caused to the ferns during their transport.

On remand of this case, the district court must determine whether, by a preponderance of the evidence, it was shown that the cigars were damaged, at least to some degree, during the initial three weeks in transport. Substantial and reliable circumstantial evidence, direct evidence, or a combination of the two may be employed to prove the second element of the claim.

Since no one viewed the cigars until six weeks after Roadway was prepared to make delivery, the district court must rely on circumstantial evidence to determine when the damage occurred. The district court may find that the preponderance of the evidence, based upon the findings of the magistrate judge, points to at least some damage occurring within the initial three week delay. Since the magistrate judge's ruling on Fuente's prima facie case was based upon his findings of fact, the district court should review his conclusions under the clearly erroneous standard. *Fine Foliage*, 901 F.2d at 1037.

Fuente may not be able to prove that the delay caused all of the eventual damage to the cigars, but to satisfy the second element, Fuente must prove only that some damage occurred during the delay.[7]

## CONCLUSION

For the foregoing reasons, we vacate the district court's order and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

6. Alternatively, the district court's opinion can be interpreted as merely holding that there was insufficient evidence to satisfy the second element. Its obvious concern for the lack of direct evidence may be the result of the inadequacy of the circumstantial evidence. It takes very little direct evidence to satisfy the second element, while it takes a much greater degree of circumstantial evidence. The district court's opinion may be read as saying that, in this case, without any direct evidence the circumstantial evidence is inadequate; however, it is not clear.

7. The amount of recoverable damages becomes relevant only when analyzing the third element. Since the district court ruled that the second element was not satisfied, it never reached the third element of the prima facie case.