45 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Donald E. MARTIN, Petitioner,
v.
WARDEN, GREENSVILLE CORRECTIONAL CENTER, Respondent.
 No. 94-8075.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 17, 1994
Decided: December 22, 1994.
 
 On Petition for Permission to Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-93-660)
 Donald E. Martin, Appellant Pro Se. Mary Elizabeth Shea, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellee.
 E.D.Va.
 PETITION DENIED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Donald E. Martin, a Virginia prisoner, petitions pursuant to 28 U.S.C.A. Sec. 636(c)(5) (West 1993), for leave to appeal a decision of the district court affirming the magistrate judge's dismissal of Martin's habeas corpus petition.* A petition for leave to appeal should be granted only in cases involving substantial and important questions of law. See Fuente Cigar, Ltd. v. Roadway Express, Inc., 925 F.2d 370, 372-73 (11th Cir.1991). We have reviewed the record in this case and find that the magistrate judge, as affirmed by the district court, properly denied relief on Martin's claims and that his claims do not present substantial and important questions of law. Accordingly, we deny the petition and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 *
 Because Martin challenged only the procedures used by the Virginia parole board in the parole decision and did not claim a right to be released, his claims are viewed more appropriately under 42 U.S.C. Sec. 1983 (1988). See Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir.1978). We proceeded accordingly