United States Court of Appeals, Eleventh Circuit.

No. 95-6312.

Sue PRITCHARD, Plaintiff-Appellant,

v.

The SOUTHERN COMPANY SERVICES, Don Welliver, Jeff Prince, Defendants-Appellees.

Aug. 28, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 94-N-475-S), Edwin L. Nelson, Judge.

Before CARNES, Circuit Judge, and FAY and GIBSON[*], Senior Circuit Judges.

FAY, Senior Circuit Judge:

Sue Pritchard, an employee of Southern Company Services ("SCSI") brought suit against the company and two company officials under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The District Court granted summary judgment for the defendants on all counts. Pritchard appealed the court's order of summary judgment in regard to the company. Because we find genuine issues of material fact, we reverse the District Court's order of summary judgment for the claims under the ADA and the Rehabilitation Act. We affirm as to the Title VII claim.

## I. BACKGROUND

Sue Pritchard was hired as an electrical engineer by SCSI in 1986, working mostly on nuclear facilities. In July 1990 she was

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

diagnosed as having depression.  This depression was exacerbated by the stress involved with her work on nuclear projects.  She requested and received a transfer to the Quality Assurance Department, but this work also involved nuclear energy and her depression grew worse.  In early 1992 she tendered her resignation to her immediate supervisor, but he refused to accept it.  Instead, Pritchard was placed on paid disability leave through November of 1992, and then on unpaid disability leave.

Pritchard's doctors treated her for depression and dysautonomia during this period.  Her symptoms included profound fatigue, suicidal thoughts, difficulty sleeping, difficulty communicating, difficulty concentrating, and an irregular heartbeat.  She was placed on medication, and by January of 1993 her doctor stated she could return to work, but not in the nuclear field.  Working on nuclear projects exacerbated her stress and therefore her symptoms.  However, SCSI did not transfer her.  The company contends that all its engineers must have the flexibility to perform nuclear-related work, and that it would have been her responsibility to apply for any non-engineering job.  She contends that certain engineering jobs require little or no nuclear work, and that she was told she would be considered for non-engineering jobs.[1]  She was terminated on June 18, 1993.

Pritchard brought suit in early 1994.  The District Court granted summary judgment for the defendants on all claims.  Pritchard appealed the order of summary judgment for SCSI.

---

[1]We recognize that this is a controversy that will have to be resolved by the factfinder.

## II. STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The evidence must be viewed in the light most favorable to the non-moving party. *Augusta Iron and Steel Works, Inc. v. Employers Insurance of Wausau,* 835 F.2d 855, 856 (11th Cir.1988). We review any conclusions of law *de novo. U.S. v. Thomas,* 62 F.3d 1332, 1336 (11th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1058, 134 L.Ed.2d 202 (1996).

## III. ANALYSIS

### A. The Americans with Disabilities Act

In order to establish a prima facie case under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.,* Pritchard must show that: 1) she has a disability, 2) she is a qualified individual, and 3) she was discriminated against because of the disability. *See* 42 U.S.C. § 12132. Disability is defined as:

> A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> B) a record of such impairment; or
>
> C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Depression has been held to constitute a mental impairment. *See, e.g., Doe v. Region 134 Mental Health-Mental Retardation Commission,* 704 F.2d 1402, 1408 (5th Cir.1983).[2]

---

[2]*Doe* involved the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* but Congress intended for courts to rely on

However, in order to constitute a disability under the ADA, the impairment (as suffered by the plaintiff in this particular case)[3] must substantially limit a major life activity.

Pritchard claims that her depression substantially limited her ability to function, sleep, concentrate, and communicate. The District Court reasoned, however, that in order for Pritchard to have been discriminated against because of her disability, she had to have been disabled when she was terminated, not at some point in the past. The court found that Pritchard was terminated in June of 1993 and that she presented no evidence that her depression affected any major life activity after December of 1992. Her doctors stated that she was unable to work in any capacity up to December of 1992, but SCSI did not terminate her during that period. She was put on disability leave.

By January of 1993 Pritchard was able to work in a non-nuclear position. The court found that her condition had improved substantially by then. Her doctor stated that she would be able to perform up to her normal level of excellence in any non-nuclear job. Pritchard contends that she was qualified to work as an Electrical Designer (Substation), as a Senior Designer for SCSI Fossil/Hydro, as an Integrated Resource Planning Analyst, and as a Telecommunications Engineer. The job descriptions for each of

---

Rehabilitation Act cases when interpreting similar language in the ADA. 29 C.F.R. § 1630.2(g) and (m) (App.).

[3]"The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual." 29 C.F.R. § 1630.2(j) (App.).

these positions specifically demanded the ability to concentrate and/or communicate effectively.  The court ruled that:

> if the plaintiff was, as she has asserted, qualified for numerous positions, all which required the plaintiff to possess the ability to effectively communicate ... and concentrate, it does not follow that the plaintiff was simultaneously substantially limited in those same areas. Likewise, the plaintiff has presented no evidence that her ability to sleep or "function" was substantially limited at the time she was terminated.

(footnotes omitted).  Pritchard did present evidence suggesting problems sleeping and functioning prior to December 1992, but according to the court:

> such sleep pattern problems as well as a substantial limitation on the ability to "function" would not be consistent with the plaintiff's assertions, and those of her doctors, that she was capable of regular employment in any capacity other than one involving nuclear work.

The court concluded that Pritchard's evidence as to impairment at the time of her termination only showed that she could not work in the nuclear field.  Pritchard contended that even this alone would be sufficient to impair a major life activity: working.  In order for a condition to substantially limit the ability to work, it must "significantly restrict[ ] ... the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  29 C.F.R. § 1630.2(j)(3)(I).

An impairment does not substantially limit the ability to work merely because it prevents a person from performing "either a particular specialized job or a narrow range of jobs."  29 C.F.R. § 1630.2(j)(3) (App.).  Nor does the "inability to perform a single, particular job ... constitute a substantial limitation in the major life activity of working."  29 C.F.R. § 1630.2(j)(3)(I).

The District Court ruled:

> It is undisputed that the plaintiff's condition precludes her from working as an engineer in the nuclear field. However, by [her] own admissions, she is qualified and capable of working as an engineer in the non-nuclear field, as well as in numerous other jobs that exist at SCSI and elsewhere. Accordingly, [her] impairment does not substantially limit the major life activity of working.

The District Court recognized that depression is a "serious and potentially tragic" illness, but also found that it exists in degrees. In this case, according to the court, the illness prevents a trained electrical engineer from working in the nuclear field. The District Court held that such an impairment does not by itself constitute a disability under the ADA.

We agree with the court's legal conclusion: such an impairment, by itself, does not constitute a disability under the ADA. However, we find that there is a genuine issue of material fact as to whether Pritchard suffered other symptoms when she was terminated and as to whether those symptoms substantially limited a major life activity.

Pritchard stated in an affidavit that she suffers from depression and dysautonomia, that she continues to have such conditions, and that they substantially limited her ability to function at the time of her termination. Her symptoms included profound fatigue, difficulty sleeping and communicating, difficulty concentrating, and experiencing suicidal thoughts. In her deposition in June of 1994, Pritchard stated that she was still taking medication for her conditions.

Dr. Samuel Saxon stated in an affidavit that Pritchard's symptoms included marked fatigue, lack of energy, lack of interest,

poor concentration, memory problems, suicidal thoughts, depressed affect, and irritability. Work in the nuclear field exacerbated her stress and thus her symptoms. In his opinion, Pritchard was able to return to work outside the nuclear field in January of 1993, but *she was still experiencing physical and mental symptoms.*

It is true that these statements may be read to conflict with Pritchard's contention that she was able to return to work in January of 1993. However, taking the evidence in the light most favorable to Pritchard, it is possible that both are true: she still suffered from these symptoms and they limited major life activities, but she was able to control them sufficiently with the help of medication to perform at work in the non-nuclear field.[4] We think this evidence presents a case for a jury to determine whether she suffered from those symptoms when she was terminated, and whether those symptoms substantially limited a major life activity.

Moreover, the ADA defines disability as:

A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

B) a record of such impairment; or

C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Pritchard was placed on paid disability leave through November of 1992, and then on unpaid disability leave. This constitutes evidence that Pritchard had a record of being impaired and that SCSI regarded her as being impaired.

---

[4]We think the evidence in the record could be read to conclude that Pritchard is unable to work in the nuclear field even with the help of medication.

Again, this evidence creates genuine issues of material fact as to whether Pritchard was disabled under the ADA.

Of course, in order to prevail, Pritchard must not only show that she has a disability, but also that she was discriminated against because of her disability [5] and that she was a qualified individual. *See* 42 U.S.C. § 12132. The District Court did not rule on these elements in its summary judgment order. We leave the issues open on remand.

### B. The Rehabilitation Act of 1974

"The standards used to determine whether this section has been violated ... shall be the standards applied under title I of the Americans with Disabilities Act of 1990 ..." 29 U.S.C. § 794(d). Thus if Pritchard may be found to be disabled under the ADA, then she may be found to be disabled under the Rehabilitation Act.

The District Court did not decide whether SCSI is governed by the Rehabilitation Act as a recipient of federal assistance. Because we find a genuine issue of material fact as to whether Pritchard was disabled, we must vacate the judgment on her claim under the Rehabilitation Act. However, we do not decide whether SCSI is a recipient of federal assistance, and we leave that issue open on remand.

### C. Title VII

For purposes of the Title VII claim, the District Court assumed that Pritchard had established a prima facie case, but then

---

[5]The failure to provide reasonable accommodations, including a transfer to a vacant position, constitutes discrimination under the ADA. 42 U.S.C. § 12112.

held that SCSI "satisfied its burden of production by articulating a legitimate nondiscriminatory reason for discharge and presenting evidence in support thereof." SCSI presented evidence that: all engineers within the Engineering Organization must possess the flexibility to accept nuclear related projects; engineers are subject to transfer according to the needs of the company; male and female employees who have refused transfers have been terminated. In response, Pritchard's evidence must be sufficient to allow a reasonable factfinder to conclude that SCSI's non-discriminatory reason for discharge is not believable. *See Howard v. BP Oil Co.*, 32 F.3d 520, 526 (11th Cir.1994).

Pritchard's deposition testimony was the only evidence Pritchard presented that conflicted with the nondiscriminatory reason for discharge. Specifically, she stated that: 1) she had heard of a male employee named Loren Secrist who was transferred to a non-nuclear position; 2) she did not know for certain why he was transferred but she thought it was related to the stress of nuclear work; 3) she thought he was an engineer, but she was not certain; 4) all of her information about Mr. Secrist came from conversations with co-workers; and 5) she could not recall the names of any of the co-workers who had provided this information.

SCSI presented an affidavit from the Manager of Employee Relations and Safety, Carl Watts. He stated that: 1) it was his understanding that SCSI employment policies required Engineering Organization employees to be able to work on nuclear projects; 2) in his experience, these policies were followed; 3) his review of SCSI personnel records revealed no instance in which an engineer

had been permanently assigned to a position that did not require the flexibility to work on nuclear projects; 4) numerous engineers had been required to either accept nuclear work or be terminated; and 5) Loren Secrist performed nuclear related duties immediately prior to his termination, and he was never transferred to a non-nuclear position in order to accommodate any disability.

Ms. Pritchard's statements in her deposition constitute inadmissable hearsay. It is true that inadmissable hearsay may sometimes be considered by a court when ruling on a summary judgment motion. *See Church of Scientology Flag Service Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1530 (11th Cir.1993), *cert. denied,* --- U.S. ----, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994); *Offshore Aviation v. Transcon Lines, Inc.,* 831 F.2d 1013, 1015 & n. 1 (11th Cir.1987). However, Pritchard cannot use inadmissable hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial. *See McMillian v. Johnson,* 88 F.3d 1573 (11th Cir.1996). There is nothing to indicate that Pritchard's statements (which were based on the statements of unknown co-workers) will lead to admissible evidence. On the contrary, her statements were refuted by SCSI's evidence (the affidavit of Carl Watts) which can be reduced to admissible form at trial (the testimony of Carl Watts). Thus Pritchard presented no evidence that can be reduced to admissible form at trial and which conflicts with SCSI's nondiscriminatory reason for discharge.[6]

IV. CONCLUSION

---

[6]Pritchard's Title VII claim was based upon allegations of gender discrimination. This has nothing to do with whether SCSI could accommodate her disability if in fact she establishes one.

We conclude that the District Court erred when it granted SCSI summary judgment under the ADA and the Rehabilitation Act. We affirm the summary judgment as to the Title VII claim.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.