MIDAMERICAN ENERGY COMPANY, Plaintiff,

v.

START ENTERPRISES, INC., d/b/a American Moving Services, Inc., Defendant.

No. 4:06–CV–00220.

United States District Court, S.D. Iowa, Central Division.

July 11, 2006.

Gregory R. Brown, Michele M. Ramsey, Duncan Green Brown Langeness & Eckley PC, Des Moines, IA, for Plaintiff.

Stephen E. Doohen, Whitfield & Eddy, PLC, Des Moines, IA, for Defendant.

## ORDER ON MOTION TO DISMISS

PRATT, Chief Judge.

On December 8, 2005, Plaintiff filed the above-captioned action in the Iowa District Court for Polk County, claiming Breach of Contract, Negligence, and Breach of Bailment. Following a Motion to Dismiss for Improper Service, the Iowa District court judge ordered Plaintiff to make service of process on Defendant no later than April 28, 2006. Plaintiff successfully served Defendant with process on April 24, 2006, and Defendant removed the action to this Court on May 15, 2006, claiming that Plaintiff's cause of action is governed exclusively by 49 U.S.C. § 14706 (the "Carmack Amendment," formerly 49 U.S.C. § 11707). *See* Clerk's No. 1. On May 23, 2006, Defendant filed a Motion to Dismiss Plaintiff's State Law claims, arguing that such claims are preempted by the Car-

mack Amendment. Clerk's No. 5. Plaintiff filed a resistance (Clerk's No. 8), and Defendant replied (Clerk's No. 10). The matter is fully submitted.

## I. MOTION TO DISMISS

In addressing a motion to dismiss under Rule 12(b)(6), this Court "is constrained by a stringent standard.... A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 545–46 (8th Cir.1997) (quoting *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (citation omitted) (emphasis added)). In addition, the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *See Parnes*, 122 F.3d at 546. Finally, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true. *See Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The Supreme Court has articulated the test as follows:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the

complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). A motion to dismiss should be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995).

## II. LAW AND ANALYSIS

Plaintiff's Complaint alleges that on June 27, 2005, Defendant agreed to provide services to the Plaintiff, consisting of moving an EMC Clariion CX700 storage array from Bellevue, Nebraska, to Plaintiff's facilities in Sioux City, Iowa. *See* Compl. ¶ 3. The services were to be provided pursuant to a Professional Services Contract entered into between the parties on October 13, 2003. *Id.* ¶ 4. Plaintiff claims that Defendant failed to comply with a provision of the contract requiring the highest degree of care possible and, while attempting to move the storage array, dropped it to the floor causing damage of approximately $213,392.00. *Id.* ¶¶ 5–7.

"With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131, 73 S.Ct. 986, 97 L.Ed. 1500 (1953). The Carmack Amendment, in substance, provides that a carrier is liable for the actual loss or injury it causes to a shipper's property. *See Cont. Grain Co. v. Frank Seitzinger Storage, Inc.*, 837 F.2d 836, 839 (8th Cir.1988). The Carmack Amendment has consistently been found to

preempt state law causes of action if the cause of action involves loss of goods or damage to goods caused by the interstate shipment of those goods by a common carrier. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S.Ct. 148, 57 L.Ed. 314 (1913); *Fulton v. Chicago, Rock Island & P.R. Co.*, 481 F.2d 326, 331–32 (8th Cir.1973) ("[T]he Carmack Amendment has preempted suits in specific negligence by holders of bills of lading against their carriers.... '[W]hen damages are sought against a common carrier for ... negligent performance of ... an interstate contract of carriage, the Carmack Amendment governs.' ") (quoting *Am. Synthetic Rubber Corp. v. Louisville & N.R.R. Co.* 422 F.2d 462, 466 (6th Cir. 1970)).

Plaintiff does not dispute that the Carmack Amendment generally preempts state law causes of action, but urges that the Carmack Amendment does not apply in this case because "Plaintiff and Defendant entered into a contract of carriage pursuant to which Defendant was to provide specified services to Plaintiff under specified rates and conditions." Pl.'s Resistance Br. at 2. Title 49 U.S.C. § 14101(b) provides:

> (1) **In general.**—A carrier ... may enter into a contract with a shipper, other than for the movement of household goods ... to provide specified services under specified rates and conditions. If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies. The parties may not waive the provisions governing registration, insurance, or safety fitness.
>
> (2) **Remedy for breach of contract.**— The exclusive remedy for any alleged breach of contract entered into under this subsection shall be an action in an appropriate State court or United States district court, unless the parties otherwise agree.

49 U.S.C. § 14101(b). Plaintiff argues that, because the Professional Services Contract entered into between the parties provided specified rates and conditions, the exclusive remedy for Defendant's actions is provided by filing an action in the appropriate state court, which is what Plaintiff did.

█ Section 14101 essentially permits parties to avoid liability under the Carmack Amendment when they "in writing, expressly waive any or all rights" thereunder. *See e.g., Travelers Indem. Co. of Illinois v. Schneider Specialized Carriers, Inc.*, 2005 WL 351106, at *5 (S.D.N.Y. Feb. 10, 2005) ("To escape the reaches of the Carmack Amendment, the parties must 'in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract.' ") (quoting 49 U.S.C. § 14101); *Atlantic Mut. Ins. Co. v. Yasutomi Warehousing and Distribution, Inc.*, 326 F.Supp.2d 1123, 1126 (C.D.Cal.2004) (citing § 14101(b) for the proposition that "[a] motor carrier may limit its liability by entering into a contract with the shipper, agreeing to limit the carrier's liability"); *Transit Homes of Am., Div. of Morgan Drive Away, Inc. v. Homes of Legend, Inc.*, 173 F.Supp.2d 1192, 1195 (N.D.Ala. 2001) ("[T]he primary importance of § 14101(b)(1) is not simply that it permits contracting by carriers who are not transporting household goods. Rather, the importance of the subsection lies in its specific allowance for such carriers and parties

with whom they deal expressly to contract around certain federal obligations and remedies, in particular the Carmack Amendment, established as default rules by Congress.") (citing Stephen G. Wood, *Multimodal Transportation: An American Perspective on Carrier Liability and Bill of Lading Issues*, 46 Am. J. Comp. L. 403, 411 (1998)); *Custom Cartage, Inc. v. Motorola, Inc.*, 1999 WL 965686, at *12 (N.D.Ill. Oct.15, 1999) (concluding that the Carmack Amendment was applicable where there was no express agreement between the parties opting out of the Amendment's protections).

■ Plaintiff cites no express waiver of any provisions of the Carmack Amendment, and a review of the Professional Services Contract reveals none. The closest item the Court can identify as attempting to limit liability in any way is a provision providing: "In the event of any dispute arising under this Contract, it is agreed between the parties that the law of the State of Iowa will be given the interpretation, validity and effect of this Contract without regard to the place of execution or place of performance thereof." *See* Clerk's No. 1 at 50 (Professional Services Contract at PG–14.) The Court cannot say that this provision is sufficiently explicit to express an intent to avoid the rights and remedies of the Carmack Amendment. *See e.g., Celadon Trucking Servs., Inc. v. Titan Textile Co., Inc.*, 130 S.W.3d 301 (Tex.Ct.App.2004) (requiring that any waiver of Carmack Amendment liability be expressly stated). On the present facts, then, the Court concludes that the Carmack Amendment preempts Plaintiff's state law claims.

■ Plaintiff argues that, in the event the Court finds its state law claims preempted by the Carmack Amendment, the Court should find that the state law claims are automatically transformed into a Carmack Amendment claim. The De-fendant, on the other hand, argues that if preemption applies, Plaintiff's entire Complaint should be dismissed with prejudice, effectively precluding Plaintiff from stating a claim under the Carmack Amendment. While the Court agrees with Defendant that the state law claims must be dismissed, it finds Defendant's position that the entire Complaint should be dismissed with prejudice untenable, in light of the purpose of Rule 12(b)(6), that is, to permit a defendant to test whether, as a matter of law, a plaintiff is entitled to sustain a recovery under some viable legal theory. To establish a prima facie case of damaged goods under the Carmack Amendment, a Plaintiff must establish: 1) the goods were undamaged prior to shipment; 2) the goods arrived at the destination in damaged condition; and 3) the amount of damages. *See Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964). The facts as alleged in Plaintiff's Complaint are more than sufficient to demonstrate a viable cause of action under the Carmack Amendment. *See U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F.Supp.2d 1322, 1336–37 (S.D.Ala. 2003) (discussing how the Supreme Court's analysis of the complete preemption doctrine in usury cases applies with equal force to preemption under the Carmack Amendment: "[T]hrough the magic of 'jurisdictional alchemy' (to quote Justice Scalia's dissent in *Beneficial*), [plaintiff's] state law claims morph into a federal Carmack Amendment claim, there being 'no such thing' as a state law claim against a common carrier for damage to goods in interstate transportation") (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)). Regardless of whether the state law claims "automatically transform," however, it is well within the Court's discretion to permit Plaintiff to file an Amended Complaint,

974

stating a proper cause of action under federal law.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's State Law Claims is GRANTED.[1] Plaintiff, however, is given to and including July 24, 2006, to file an Amended Complaint stating a proper cause of action under the Carmack Amendment.

IT IS SO ORDERED

---

**1.** Defendant's Motion to Dismiss is encompassed at Clerk's No. 5. The Clerk's docket, however, also shows the same motion pending at Clerk's No. 4. Clerk's No. 4 was entered in error and is moot.